UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-21023-CIV-MORENO**

UNITED FINANCIAL CASUALTY
COMPANY,

                Plaintiff,

vs.

JAVANIC CARRIER, INC., TRAVIS
MONTGOMERY, and TED M.
HAWTHORNE, an Ohio corporation,

                Defendants.

_____/

**ORDER GRANTING DEFENDANTS JAVANIC CARRIER'S AND TED
HAWTHORNE'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AS
TO INSURER'S DUTY TO DEFEND AND DENYING UNITED FINANCIAL'S
MOTION FOR FINAL SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendants Javanic Carrier's and Ted
Hawthorne's Amended Motion for Partial Summary Judgment as to Insurer's Duty to Defend and
United Financial's Motion for Final Summary Judgment.

This is an insurance case where the Plaintiff insurer, United Financial Casualty Company,
seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has no duty to defend the
Defendant insureds in the underlying state litigation and, should a judgment be entered against the
insureds there, United Financial has no duty to indemnify them. For the reasons that follow, South
Dakota law governs whether United Financial has a duty to defend the insureds in the state case
and the Defendant insureds' motion for partial summary judgment on the duty to defend is granted
because it arguably appears from the face of the pleadings in the underlying state case that the
alleged claim, if true, falls within policy coverage. Moreover, United Financial's motion for

summary judgment on its duty to indemnify is denied without prejudice, with leave to refile, if appropriate, after the resolution of the underlying state case.

## I. BACKGROUND

On June 8, 2020, United Financial filed its Amended Complaint for Declaratory Judgment in this action, seeking a declaratory judgment that it has no duty to defend or indemnify the Defendant insureds, Ted. M. Hawthorne and Javanic Carrier, Inc., in the underlying state court action (D.E. 14).[1] In the state court action, which is currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, the injured party, Travis Montgomery, filed suit against Hawthorne, Javanic Carrier, Boscan Malledo Investments, Inc. and EZ Trucks, LLC for damages arising out of an automobile accident. According to the state complaint, at the time of the accident, Montgomery was a passenger in a motor vehicle owned by Boscan Malledo Investments, Inc. and/or EZ Trucks, LLC, which was used by Javanic Carrier and driven by its agent, Hawthorne. United Financial issued the automobile insurance policy to Javanic Carrier and Hawthorne is a rated driver under the policy.

Now, in the present litigation before this Court, the Defendants, insureds Hawthorne and Javanic Carrier, along with the injured party in the underlying litigation, Montgomery, move for partial summary judgment on United Financial's duty to defend the insureds in the state court

---

[1] That Amended Complaint was subsequently amended via Interlineation to Correct a Scrivener's Error, to wit, amending paragraph 12 to read "August 1, 2018" instead of "April 1, 2018" and permitting the Defendants' responses to stand in their Answers. (D.E. 45). As provided for in the Court's paperless order: "[i]n all other respects, the Amended Complaint shall remain intact." *See id.*

Most recently, on February 12, 2021, the Court granted the Plaintiff's unopposed motion to amend complaint for declaratory judgment by interlineation. Paragraph 14 of the Amended Complaint now refers to the state action's "First Amended Complaint" instead of "Complaint" and Exhibit B now references the First Amended Complaint, which was attached as Exhibit B to Plaintiff's motion. (D.E. 61, at 9-14).

action. United Financial has also moved for summary judgment on its duty to indemnify. United Financial maintains that it has no duty to indemnify the Defendant insureds because of certain policy exclusions.

## II.      LEGAL ANALYSIS

### A.      Choice of Law

In its amended motion for partial summary judgment, the Defendants acknowledge that the default choice of law rule in Florida for interpretation of contracts is *lex loci contractus*, that is, "the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." *See State Farm Mut. Auto. Ins. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006). As such, the Defendants maintain that South Dakota law governs the policy's interpretation because United Financial issued the policy to Javanic Carrier in South Dakota. Specifically, Javanic Carrier accepted the policy at its address in Sioux Falls, South Dakota. (D.E. 14-1, at 2). United Financial agrees that South Dakota law applies, maintaining that "the law of the place where a contract is executed or to be performed determines its nature, validity and interpretation."

However, notwithstanding that the policy was executed in South Dakota and, under the rule of *lex loci contractus*, South Dakota law would govern, a choice of law provision in the policy provides for the application of South Dakota law in this case. The provision, titled "Terms of Policy Conformed to Statutes," provides as follows: "Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** business location." (D.E. 14-1, at 32 ¶ 17) (emphasis in original). On the first page of the policy, Javanic Carrier's address is listed as "401 E 8th Street Ste 2143024, Sioux Falls, SD 57103." (D.E. 14-1, at 2). Subsequently, in United Financial's motion for summary judgment, a

copy of the Application for Insurance was filed on the record. (D.E. 43-1, at 97). In the application, Javanic Carrier's address is listed as "410 E 8TH STREET STE 2143024, SIOUX FALLS, SD 57103." *Id.*[2]

Hence, given the policy's choice of law provision and Javanic Carrier's South Dakota address, which is listed in its Application for Insurance, South Dakota law applies when determining whether United Financial has a duty to defend Javanic Carrier and Hawthorne in the underlying state court action. *See Roach*, 945 So. 2d at 1164 (reiterating that the rule of *lex loci contractus* applies in determining which state's law applies to insurance contracts and reasoning "[w]hen parties come to terms in an agreement, they do so with the implied knowledge that the laws of that jurisdiction will control **absent some provision to the contrary**") (emphasis added) (citing *Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988)).

**B. Duty to Defend**

United Financial contends that the Defendant insureds' motion for summary judgment on the duty to defend should be denied for two reasons. First, United Financial claims that "[s]ince [it] intends to provide a defense to [the Defendant insureds] in the state court action unless and until this court orders otherwise, [Defendant insureds'] motion should be moot and denied." Second, should this Court find that the issue is not "moot," this Court should consider extrinsic evidence that shows certain policy exclusions are applicable here, and, as a result, United Financial has no duty to defend because the claim clearly falls outside of policy coverage.

As to United Financial's first reason, the Court finds that the duty to defend issue is not moot in light of United Financial providing a defense to the Defendant insureds under a

---

[2] There appears to be a typographical error in either the policy or the application with respect to Javanic Carrier's address, as one reads 401 E. 8th Street and the other, 410 E. 8th Street. As both addresses are located in South Dakota, this inconsistency is immaterial.

Reservation of Rights (D.E. 14 ¶15) because, according to its Amended Complaint, United Financial presently seeks a declaration that it has no duty to defend the Defendant insureds in the pending state court action. (D.E. 14 ¶ 24 c.). As such, the Court must determine whether it can consider extrinsic evidence relevant to United Financial's duty to defend under South Dakota law.

Under South Dakota law, "[a]n insurer's duty to defend is distinct from—and broader than—its duty to indemnify," with "[t]he duty to defend aris[ing] prior to the completion of litigation." *Geidel v. De Smet Farm Mut. Ins. Co. of South Dakota*, 926 N.W.2d 478, 481 (S.D. 2019). As a result, "insurers are required to meet their defense obligation before the scope of the insured's liability has been determined." *Id.* When determining whether coverage extends to a duty to defend in an underlying action, [this Court] begins with an examination of the policy and the pleading in the underlying action." *De Smet Farm Mut. Ins. Co. of South Dakota v. Gulbranson Dev. Co., Inc.*, 779 N.W. 2d 148, 155 (S.D. 2010) (citing *Hawkeye-Sec. Ins. Co. v. Clifford ex rel. Clifford*, 366 N.W.2d 489, 491 (S.D. 1985)). "If it is clear or arguably appears from the face of the pleadings in the action against the insured that the alleged claim, if true, falls within policy coverage, the insurer must defend." *Id.* "[T]he burden is on the insurer to show there is no duty to defend" by "show[ing] the claim clearly falls outside of the policy coverages." *Id.*

Here, the policy provides as follows:

## PART I – LIABILITY TO OTHERS

### INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage,** and **covered pollution cost or expense**, for which the **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto.**

(D.E. 14-1, at 13) (emphasis in original). Under the policy, an accident means "a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**" and bodily injury means "bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease." *Id.* at 9. (emphasis in original). An insured auto means "[a]ny auto specifically described on the declarations page." *Id.*

The policy defines an insured as follows:

### ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A. When used in Part I – Liability to Others, **insured** means:

1. **You** with respect to an **insured auto**.
2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
(a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
(b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto.**
(c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page.**

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.

(D.E. 14-1, at 13) (emphasis in original).

The policy also includes certain employee exclusions, which exclude coverage as provided above if applicable. For example, under the fifth exclusion, there is no indemnification if the insured's employee suffers bodily injury "arising out of or within the course of (i) [t]hat employee's employment by any **insured**; or (ii) [p]erforming duties related to the conduct of any

**insured's** business[.]" (D.E. 14-1, at 16-17) (emphasis in original). Also, the sixth exclusion provides that there is no coverage when there is bodily injury to "a fellow employee of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business." *Id.* at 17 (emphasis in original).[3]

According to the complaint in the underlying state court action, Montgomery alleges that Defendants Javanic Carrier and Hawthorne negligently operated and/or maintained the motor vehicle on August 1, 2018, when "it overturned on its right side upon the roadway while [p]laintiff [Montgomery] was a passenger" (D.E. 61, at 10, ¶ 9). Montgomery seeks damages against Hawthorne, Javanic Carrier, and Boscan Malledo Investments, Inc. and EZ Trucks, LLC. The complaint includes causes of action against Hawthorne for his negligence (Count I); Javanic Carrier, for the negligence of its agent, Hawthorne (Count II); and Boscan Malledo Investments, Inc. and EZ Trucks, LLC, as the alleged owners of the vehicle (Counts III & IV).

Based on this Court's review of the policy and the complaint in the underlying state court action, "it is clear or arguably appears from the face of the pleadings in the action against [the Defendant insureds Javanic Carrier and Hawthorne] that the alleged claim, if true, falls within policy coverage." *Gulbranson*, 779 N.W. 2d at 155. Here, the policy's "Liability to Others" section provides that United Financial "will pay damages…for **bodily injury**…for which the **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**." (D.E. 14-1, at 13) (emphasis in original). Under the policy, an accident is defined as "sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury**." (D.E. 14-1, at 9) (emphasis in original). Moreover, the Liability to Others section defines "insured" as "[a]ny person while using, with **your** permission,

---

[3] United Financial also relies on the "Worker's Compensation" exclusion in the policy. (D.E. 14-1, at 16).

and within the scope of that permission, an **insured auto you** own, hire, or borrow" with delineated exceptions. (D.E. 14-1, at 13) (emphasis in original). In the underlying state court action, as alleged, there are bodily injury claims arising out of an accident involving a vehicle operated by Hawthorne, one of Javanic Carrier's agents. As noted by the Defendant insureds, there are no facts alleged in the state complaint that implicate any policy exclusions relied on by United Financial.

United Financial requests that this Court consider extrinsic evidence that shows policy exclusions five and six apply here because Hawthorne and Montgomery were employees of Javanic Carrier, and, therefore, there is no duty to defend. In support of its argument, United Financial relies on the following language that appears in the South Dakota Supreme Court's decision in *Hawkeye*: "If, after considering the complaint, and when appropriate, other record evidence, doubt exists whether the claim against the insured arguably falls within policy coverage, such doubts must be resolved in favor of the insured." 366 N.W.2d at 491. United Financial posits that, given this language, even if it is clear or arguably appears from the face of the pleadings in the underlying case that the alleged claim, if true, falls within coverage, a court's inquiry does not end and it can then consider extrinsic evidence that would defeat an insurer's duty to defend.

On the other hand, in their reply, the Defendant insureds argue that *Hawkeye's* reference to "other record evidence" does not sanction a court's consideration of extrinsic evidence to defeat a duty to defend when it is clear or arguably appears from the face of the pleadings that the claim, if true, is covered under the policy. According to the Defendants, the *Hawkeye* court "d[id] not decide whether an insurer must investigate its duty to defend or whether facts, either within or outside the record, can *activate a duty to defend when the pleadings clearly do not state a covered claim*." *Hawkeye*, 366 N.W.2d at 491. n. 3 (emphasis added). As such, the Defendants submit that the *Hawkeye* court left open the possibility that extrinsic evidence could activate an insurer's duty

to defend where the complaint did not clearly or arguably state a covered claim under the policy. The Court agrees with the Defendants.

In *Hawkeye*, the South Dakota Supreme Court adopted the general rule that the allegations of a complaint or petition determine the duty to defend and the duty will exist if it is "clear" or "even arguably" appears from such pleadings. 366 N.W.2d at 491. Despite noting that other jurisdictions such as Indiana, Minnesota, and Washington "recognize that an insurer may avoid defending a complaint alleging a cause of action within policy coverage if actual facts outside the complaint would exclude coverage," the South Dakota Supreme Court opted to adopt the "clear" or "arguably appears" from the face of the pleadings rule. *Id.* And, under that rule, should a duty to defend be clear or arguably appear from the face of the pleadings, "[t]he review then ends, even though the pleadings are ambiguous or reveal other claims not covered in the policy, and notwithstanding that extraneous facts indicate the claim is false, groundless, or even fraudulent." *Id.* at 491-492. In fact, in *Hawkeye*, "[s]ince [the insurer's] duty to defend arguably appear[ed] from the face of the pleadings[,] [the South Dakota Supreme Court] d[id] not reach the issue whether the trial court c[ould] resolve the ambiguity by considering depositions and other evidence outside the pleadings." *Id.* at 492.

Applying the general rule from *Hawkeye*, the Court finds that United Financial has a duty to defend the Defendant insureds in the underlying action as it arguably appears from the face of the state court pleadings that the claim, if true, falls under the policy. *See Geidel*, 926 N.W.2d at 481; *Hawkeye*, 366 N.W.2d at 491-492; *Gulbranson*, 779 N.W.2d at 155-156. As alleged, the injured passenger in the accident, Montgomery, seeks damages against the insureds, Javanic Carrier and its agent, Hawthorne, a rated driver under the policy, for an accident. Notably, the state court complaint does not reference any policy exclusions or allege that either Montgomery or

9

Hawthorne are employees of Javanic Carrier. The Court's inquiry ends here. *Hawkeye*, 366 N.W.2d at 491-492. Thus, this Court finds that United Financial has failed to meet its burden in "establish[ing] that there is no duty to defend by showing that the claim clearly falls outside of policy coverage." *Geidel*, 926 N.W.2d at 481 (citing *Hawkeye*, 366 N.W.2d at 491).

### C. Duty to Indemnify

United Financial also moves for summary judgment on its duty to indemnify, maintaining that certain policy exclusions apply and exclude coverage for claims made against Javanic Carrier by its employees and claims made by Javanic Carrier employees against each other. The parties disagree as to whether the Federal Motion Carrier Regulations' definition of employee applies to the policy. Notwithstanding this disputed issue, the Court agrees with the Defendants that United Financial's motion is premature and not ripe for the Court's consideration, as the underlying state litigation is still pending. After all, "among the district courts in the Eleventh Circuit, '[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action.'" *James River Ins. Co. v. Cantrell*, No. 6:19-cv-1398-Orl-41LRH, 2020 WL 3035237, at *2 (M.D. Fla. Mar. 26, 2020) (collecting cases). This is in part because "it is entirely possible that [the Defendant insureds] will not be liable for any damages in the underlying action, in which case the issue of [United Financial's] duty to indemnify [] will never arise." *Id.* at *3.

As the underlying state court action is still pending, United Financial's motion for summary judgment is denied without prejudice, with leave to refile, if necessary, after the underlying action is resolved.

### III.   <u>CONCLUSION</u>

Accordingly, for the foregoing reasons, Defendants' Amended Motion for Partial Summary Judgment as to Insurer's Duty to Defend is granted and United Financial's Motion for Entry of Final Summary Judgment is denied without prejudice, with leave to refile, if appropriate, after the conclusion of the underlying state court action. The Court shall stay and place the matter in the civil suspense file until the underlying state litigation is concluded.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of April 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record